**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CLARETHA ROSS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-cv-151 (WLS) |
| | : | |
| KATHY SEABOLT, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Presently pending before the Court is Petitioner's Motion for Relief from Judgment (Doc. 87). Petitioner seeks to vacate this Court's March 7, 2014 Order dismissing Petitioner's Section 2254 habeas corpus petition for failure to state a claim (Doc. 85).

Within a reasonable time, a litigant may move for relief from a judgment or order pursuant to Rule 60 for grounds including: (1) mistake, (2) newly discovered evidence, (3) fraud or misrepresentation, (4) void judgment, (5) satisfaction or discharge of the judgment or prospective application that would no longer be equitable, and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief pursuant to Rule 60 is an extraordinary remedy. *See Montero v. Potter*, 174 F. App'x 489, 490 (11th Cir. 2006).

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), (5), and (6). Petitioner asserts two reasons why she is entitled to relief under Rule 60: (1) the Court lacked jurisdiction over her habeas petition and (2) the Court's March 7, 2014 Order was premature because an appeal to the Supreme Court was pending. (Doc. 87.) The Court finds that neither of these reasons merit relief from judgment pursuant to Rule 60(4), (5), or (6). The Court has already addressed Petitioner's arguments that it lacked jurisdiction over her habeas petition and that the filling of a notice of appeal divested its jurisdiction in its Order dismissing her petition. (Doc. 85 at 1.) There the Court held:

1

[Petitioner's] notices of appeal involved frivolous, nonappealable issues, so the Court retained jurisdiction to address the motion to dismiss. See *United States v. Vicaria*, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992) (noting that the filing of a notice of appeal does not divest a district court of jurisdiction when the appeal involves, among other things, an appeal of a nonappealable order). Even if Ross's appeal divested the Court of jurisdiction, the Eleventh Circuit's dismissal of Ross's appeal reinstated the Court's jurisdiction.

For the same reasons noted in its prior Order, the Court finds that it retained jurisdiction over Petitioner's habeas petition and that a notice of appeal based on frivolous, nonappealable issues, even if filed with the Supreme Court, did not divest that jurisdiction. The Court finds no reason to overturn its earlier Order or grant Petitioner relief from that judgment under Federal Rule of Civil Procedure 60(b)(4), (5), or (6).

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Relief from Judgment (Doc. 87).


**SO ORDERED**, this 16th day of October, 2014.


/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**